## Quakertown & Eastern Railroad Company, Appellant, *v.* Guarantors' Liability Indemnity Company of Philadelphia.

*Attorney at law—Counsel fees—Remedy at law.*

An attorney at law has a lien, or rather a right of defalcation on money or papers of his client while they are in his hands; but in a common-law action he has no such right of lien on his client's money in the hands of third persons, or upon a fund brought into court for distribution.

Where a suit in equity is brought to recover certain bonds, but an amicable agreement is reached, by which the bonds are to be returned, the attorney for plaintiff, although having rendered valuable services to the plaintiff, has no lien upon the bonds, and if at the attorney's instance the defendant deposits certain of the bonds with the prothonotary, the court has no jurisdiction to appoint an auditor to determine the amount of the

attorney's fee, and to order that such fee when ascertained shall be paid out of the bonds deposited by leave of court. In such a case the attorney has a complete and adequate remedy at law, which he must pursue.

Argued Jan. 28, 1903. Appeal, No. 281, Jan. T., 1902, by plaintiff, from decree of C. P. No. 1, Phila. Co., March T., 1898, No. 580, dismissing exceptions to auditor's report in case of Quakertown & Eastern Railroad Company v. Guarantors' Liability Indemnity Company of Pennsylvania et al. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Bill in equity for an account of bonds and for a discovery. Before BIDDLE, P. J.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*John G. Johnson,* with him *Alfred N. Keim* and *Carroll R. Williams,* for appellant.—An attorney has a lien (or rather, right of defalcation) on money or papers of his client while they are in his hands, but in a common-law action he has no such right of lien upon a fund brought into court for distribution: Dubois's Appeal, 38 Pa. 231; Patrick v. Bingaman, 2 Pa. Superior Ct. 113.

In equity, however, a fund actually brought into court for distribution is made liable for an attorney's fees according to McKelvy's Appeal, 108 Pa. 615.

In the present case our contention is, that although the action was begun by the filing of a bill in equity, yet no fund was ever actually brought into court within the meaning of McKelvy's Appeal, supra, and that therefore it cannot be properly charged that appellant company was endeavoring to take the fund out of court by the aid of other counsel. The question here, it is submitted, is really whether Mr. Terry had a lien on the bonds in the hands of the guarantors' company, defendant. The fact that the guarantors' company chose to evade any question of liability to Mr. Terry for the amount of his fee (and it is submitted there was no liability)

by putting 18 of the 101 bonds held by them in the physical custody of the court does not alter the situation. There was no receiver here, as in McKelvy's Appeal, and in no sense of the word was there a fund brought into court through the professional services of Mr. Terry.

Again, there is, it is submitted, no good reason why Mr. Terry should not establish the amount of his claim in the constitutional manner before a jury as other litigants whose claims are disputed are required to do. The appellant railroad company has sufficient assets to satisfy a verdict for a sum of money representing the value of professional services. There is no testimony that appellant company is insolvent, or is likely to prove insolvent.

*George S. Graham,* for appellee.

OPINION BY MR. JUSTICE POTTER, May 25, 1903:

On or about September 1, 1897, the officers of the Quakertown & Eastern Railroad Company deposited with the Guarantors' Liability Indemnity Company 214 of its first mortgage coupon bonds, of the par value of $500 each, for the purpose of securing a proposed loan of $80,000, which sum was to be used in the construction and equipment of its railroad.

The loan was never consummated, and twenty of the bonds were returned to the appellant company, leaving 194 in the supposed custody of the Guarantors' Liability Indemnity Company or its assignees, or others of the parties' defendant, to whose use it was alleged that some of the bonds had been wrongfully appropriated. During the latter part of November, 1897, the Guarantors' Liability Indemnity Company transferred all of its business to, and was succeeded by the Guarantors' Finance Company, and on March 24, 1898, this latter concern made an assignment for the benefit of creditors.

Some time in April, 1898, Henry C. Terry, Esq., of the Philadelphia Bar, was retained as attorney for the Quakertown & Eastern Railroad Company by John Jamison, its president, for the purpose of recovering the 194 bonds from the Guarantors' Liability Indemnity Company, its assigns, or other parties to whose use some of the bonds had been converted.

Accordingly on April 9, 1898, Mr. Terry filed a bill in equity

in the court below against the Guarantors' Liability Indemnity Company, its assigns and others, praying that the defendants be ordered to surrender the said bonds to the plaintiff. Subsequently two short amendments to the bill were filed by Mr. Terry.

Appearances were entered for all of the defendants, and answers filed by all excepting the receivers of the People's Bank. The case, however, was never heard in court, as it was settled by agreement and the bonds were recovered without the necessity for a trial.

Mr. Terry, and the president of the company, Mr. Jamison, and the contractor, Mr. Baker, and his attorney, Carroll R. Williams, Esq., were all active in the negotiations having in view the return of the 194 bonds. While these negotiations were pending, Mr. Terry requested his clients to arrange for the payment of his fees. This was not done to his satisfaction and in consequence, after arrangements had been made for the return of the bonds, and the matter amicably adjusted, Mr. Terry refused to mark the case settled of record until his fees were in some way secured to him. The appellant company then took a rule on the prothonotary to show cause why the case should not be discontinued by plaintiff, the appellant company, or its then counsel. This rule was discharged.

Mr. Terry then notified the Guarantors' Finance Company not to deliver any bonds in their possession to the appellant company. The Guarantors' Finance Company, by its receivers, wishing to relieve itself of any liability, to either the appellant company or Mr. Terry, filed a petition asking leave to deposit with the prothonotary of the court eighteen bonds of the appellant company, and praying the court to order it and Mr. Terry to interplead, for the purpose of determining the ownership of the bonds and the amount of fees to which Mr. Terry is entitled, if any.

The prayers of this petition were granted, and an auditor was appointed. The appellant company, through its then attorney G. Harry Davis, Esq., filed a formal written protest against the appointment of the auditor, and denied wholly and entirely his jurisdiction in the premises. This protest was overruled, and the auditor heard testimony and prepared and presented a report, in which he found that the appellant com-

pany should pay Mr. Terry a fee of ten per centum of $89,500 of bonds, or $8,950 in bonds, and $50.00 for costs expended by Mr. Terry, subject to a deduction of $500 already paid to him, and that it should also pay the costs of the audit, $1,000.

Upon exceptions taken to the auditor's report, the court of common pleas sustained the auditor in assuming jurisdiction, but reduced Mr. Terry's fee to $6,500 in bonds, together with interest coupons attached to said bonds from January 1, 1899, and also allowed $50.00 in cash to Mr. Terry, and $1,000 to the auditor, to be raised by the sale of sufficient bonds in the custody of the court.

From this action of the court, and the decree entered in pursuance thereof, this appeal is taken. We are confronted at the outset with the question of jurisdiction in the court below, and of its right to thus adjudicate the claim of Mr. Terry for fees. In our judgment, no good reason can be given for sustaining the assumption of jurisdiction in this matter. Mr. Terry had no lien upon the bonds of the defendant company, either while they were in the custody of the guarantors' company, or after they were deposited with the prothonotary.

It is a well recognized general rule of law that an attorney has a lien, or rather a right of defalcation, on money or papers of his client while they are in his hands; but in a common-law action he has no such right of lien on his client's money in the hands of third persons, or upon a fund brought into court for distribution: Irwin v. Workman, 3 Watts, 357; Balsbaugh v. Frazer, 19 Pa. 95; Dubois's Appeal, 38 Pa. 231.

While a chancellor has power to direct the payment of reasonable counsel fees, out of a fund for distribution, when the fund is the product of the attorney's labors, and he has agreed to look to it solely for compensation, as was held in McKelvy's Appeal, 108 Pa. 615, yet that case distinctly recognized the doctrine of Dubois's Appeal, supra. The facts in McKelvy's Appeal are sufficiently distinctive, to take it out of the general rule. It was there found that the fund was due in great measure to the services of the attorney, and that he was to look to that fund for his compensation. Neither of these facts appear in this case. While Mr. Terry no doubt rendered good service to his client in aiding it to recover bonds wrongfully converted or claimed by others, yet this does not justify a claim to the

creation of the fund, represented by the bonds. Nor does it appear that the appellant company was attempting to take the fund out of the control of the court, by the aid of their counsel, with any intention of defrauding Mr. Terry out of his fees. There is therefore no apparent reason why the court should be called upon to interfere in any extraordinary way, for his protection. It is admitted that valuable services were rendered by Mr. Terry, and the dispute is only as to the amount of compensation to be made therefor. This is purely a question of fact. Mr. Terry having no right to a lien upon the bonds in question, and there being no equitable consideration sufficient to move the conscience of a chancellor to interfere, we cannot justify the court below in assuming jurisdiction of the matter in dispute. Its action in so doing, against the formal protest of the appellant company, was error. It cannot be contended that Mr. Terry has not an adequate and complete remedy at law, and having that remedy, we see no reason why he should not be required to establish the amount of his claim before a jury, as other litigants whose claims are disputed are required to do.

It is unnecessary to consider the other points urged in the appeal, as the denial of the jurisdiction of the court disposes of the questions raised as to the reasonableness of the fee, as this may be passed upon by a jury.

The assignments of error which question the jurisdiction of the court are sustained, and the decree of the court below is reversed.