## Lancaster Trust Company's Case.

Argued May 18, 1936. Before KEPHART, C. J., SCHAF-
FER, MAXEY, LINN, STERN and BARNES, JJ.

*F. Lyman Windolph,* of *Windolph & Mueller,* for ap-
pellants,

*Bernard J. Myers,* of *Zimmerman, Myers & Kready,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1936:

The question presented by this appeal of the liquidating trustees of The Lancaster Trust Company is whether the law firm of Zimmerman, Myers and Kready can retain the sum of $3,500, due them as a fee, out of the final payment made to them in settlement of a total recovery of $34,669.20 from B. F. Hoffman, which they made representing The Lancaster Trust Company. The final payment in liquidation of the judgment against Hoffman which came into the attorneys' hands was $20,924.18. This sum was received by them after the liquidating trustees had taken charge. The amounts which they had previously received had been turned over to the trust company without deducting any fee.

It is not denied by appellants that the fee is proper in amount. They state in their brief that the difficult litigation which brought about the recovery "was skillfully conducted [by appellees] to a successful conclusion." Their contention is that the attorneys had no right to receive the money which came into their hands after the trust company closed, because they did not represent the liquidating trustees. They did, however, unquestionably represent the trust company before it passed into liquidation and the liquidating trustees were in substance the trust company in winding up its affairs, as the course of its liquidating shows.

The judgment which the appellee attorneys obtained for the trust company was recovered before it closed. When this happened on January 12, 1932, the institution passed into the hands of the secretary of banking. In accordance with the terms of a special plan of liquidation adopted pursuant to the provisions of the Act of May 28, 1931, P. L. 193 (now repealed by the Act of May 15, 1933, P. L. 565, section 1202), the appellants were

chosen liquidating trustees for the creditors and stockholders. The judgment was transferred of record by the secretary of banking to the trustees. Hoffman had been adjudicated an involuntary bankrupt. The trustees wrote to the referee in bankruptcy that they held title to the claims of the trust company against a large number of bankrupt estates, including that of Hoffman. The letter contained the names of the attorneys for the trustees.

During the period from the commencement of the suit against Hoffman on April 30, 1926, until the judgment against him was paid by his trustee in bankruptcy to Zimmerman, Myers and Kready, their appearance was entered for the plaintiff therein, the trust company, and no other attorney appeared of record. Following the custom in Lancaster County, which is the custom in most, if not all, of the counties in the State of paying judgments procured in litigation to the attorneys appearing of record, the trustee for Hoffman made payment of the judgment to the attorneys who had recovered it, who had raised the fund, and who appeared of record for the plaintiff. This in our opinion was the proper thing to do under the circumstances.

Zimmerman, Myers and Kready, having the money in their hands, were entitled to deduct their fee from the sum so received, remitting the balance to the trustees who so far as the former are concerned were the trust company. "An attorney who has money in his hands which he has recovered for his client may deduct his fees from the amount, and payment of the balance is all that can be lawfully demanded": *Balsbaugh v. Frazer,* 19 Pa. 95, 99; *Dubois's App.,* 38 Pa. 231; *Quakertown & Eastern R. R. Co. v. Guarantors' Liability Indemnity Co.,* 206 Pa. 350, 55 Atl. 1033; *Laplacca v. P. R. T. Co.,* 265 Pa. 304, 108 Atl. 612.

The order of the court below is affirmed. Costs to be paid out of the fund in the hands of the trustees.