Frantz Tractor Company, Appellant, *v.* Providence Washington Insurance Company.

Argued November 25, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Sydney C. Orlofsky,* for appellant.

*Harrison G. Kildare,* with him *Joseph W. Henderson* and *Rawle & Henderson,* for appellee.

Opinion by Mr. Justice Allen M. Stearne, January 6, 1956:

This action is in assumpsit following the settlement of a subrogation action against a railroad carrier. The dispute relates to a question of payment of an attorney's fee.

Frantz Tractor Company, Inc., the plaintiff, appellant herein, the insured, hereinafter termed Frantz, shipped merchandise over the New York Central Railroad. Defendant, appellee, the Providence Washington Insurance Company, the insurer, hereinafter termed Providence, issued its policy of insurance to Frantz covering loss or damage to the shipment while in transit. A wreck occurred whereby Frantz's goods were damaged or destroyed. Plaintiff contended that the loss amounted to $91,103.04.

The facts are stated by the trial judge as follows: ". . . a settlement was reached wherein the railroad agreed to pay damages to Frantz Tractor Company in the amount of seventy-eight thousand dollars ($78,-000.00) for its losses sustained. In addition it was agreed between the parties that the Defendant was to receive fifty-four thousand dollars ($54,000.00) of the settlement money as reimbursement for fifty-five thousand dollars ($55,000.00) previously advanced to the Plaintiff under a certain loan agreement, hereinafter referred to, and Plaintiff was to receive the remaining twenty-four thousand dollars ($24,000.00).

"The railroad sent its check for seventy-eight thousand dollars ($78,000.00) to Max C. Gwertzman, Esquire, the attorney of record for the Plaintiff, Frantz Tractor Co., Inc., in the New York suit. Gwertzman, who also represented the Defendant, which was not a party of record in the New York suit, forwarded the check to it and in return received the Defendant's check in the amount of twenty-four thousand dollars ($24,000.00)

payable to his order as attorney for Frantz Tractor Co., Inc. From this amount Gwertzman deducted three thousand dollars ($3,000.00) as his attorney's fee for representing the Plaintiff in the New York suit and then forwarded a check to Harry Norman Ball, Esquire, as attorney for Frantz Tractor Co., Inc. It is to be noted that Harry Norman Ball was an attorney for the Plaintiff but could not appear of record in that he was not a member of the New York bar and that Gwertzman was the sole attorney of record for the Plaintiff . . . in the New York suit.

"The gist of Plaintiff's claim is that the Defendant agreed to pay it twenty-four thousand dollars ($24,-000.00) but that it received only twenty-one thousand dollars ($21,000.00). The Defendant pleads the affirmative defense of payment."

On these facts the learned court below, in a trial without a jury, ruled that the payment of $24,000 by Providence to the attorney of record for Frantz constituted payment to Frantz, and entered judgment for the defendant.

In this subrogation suit the interests of the insured and insurer were joint. There was no conflict in interest. If the railroad paid, either in suit or by compromise, the entire loss occasioned by the train wreck, the insurer would be required to pay nothing. In such subrogation action the subrogee is the real party in interest: 4 Anderson Pa. Civ. Pract. p. 16. We see no legal or ethical impropriety for the same attorney to represent *both* parties in this litigation. Until the dispute arose over the fee there was no conflict in interest.

The advancement of $55,000 in the form of a loan by Providence to Frantz on account of its loss, does not affect the question. Should Frantz suffer greater loss than the amount of the loan or advancement,

Providence would be liable on its policy to Frantz for the difference.

In the written assignment or loan agreement, Frantz agreed to pay legal fees ". . . *to any attorneys representing its interest* . . ." in excess of $55,000. As noted in the opinion of the court below, Mr. Gwertzman, the New York attorney for Providence, also represented Frantz. Mr. Gwertzman, with the full knowledge and consent of Mr. Ball, Frantz's Philadelphia attorney, instituted in New York Frantz's suit against the railroad company. As attorney of record Mr. Gwertzman, with the consent of Frantz, settled the case. As such attorney of record for Frantz, Mr. Gwertzman received the full amount of the settlement. Since Mr. Gwertzman was appointed attorney of record for Frantz, and was authorized to institute suit against the railroad company, payment to him of the amount of the settlement by the railroad company was proper. Indeed, he was the sole person who could receive the fund. Having so received it, the attorney was authorized, even without the written authority quoted above, to deduct his reasonable fee: Act of April 14, 1834, P. L. 333, Sec. 70, 17 PS 1631; *Lancaster Trust Company's Case*, 323 Pa. 107, 109, 186 A. 367; *Smyth v. Fidelity and Deposit Co. of Maryland*, 125 Pa. Superior Ct. 597, 603, 190 A. 398, and cases therein cited.

Mr. Gwertzman sent Mr. Ball, Frantz's Philadelphia attorney, a check for $21,000. This was $24,000 less Mr. Gwertzman's fee of $3,000. (Providence had agreed to accept in settlement $54,000 to pay off the $55,000 loan or advancement. The $21,000 represented the balance of the settlement of $78,000 less the attorney's fee.) Mr. Ball objected to the deduction of the fee, claiming that Frantz was entitled to the total $24,-000, without the deduction of any fee for Mr. Gwertzman. Mr. Ball, while objecting, retained and deposited

the check. Mr. Ball did not deny that he ignored all efforts of Mr. Gwertzman to have the matter of fees settled between them. He remained silent, keeping the fund, but caused the present suit to be instituted by Frantz.

It is our view that the railroad company and Providence properly dealt with the attorney of record. Indeed, in the circumstances here narrated, they could not safely deal with any other lawyer. The representation of Frantz by Mr. Gwertzman was with the full knowledge and consent of Frantz. and its Philadelphia attorney. This dispute is really between the two attorneys. Upon this question, which is not before us, we do not pass.

The judgment is affirmed.

Mr. Chief Justice HORACE STERN and Mr. Justice JONES dissent.