Spinelli, Appellant, *v.* Maxwell.

Argued May 1, 1968.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Leon Rosenfield,* with him *Herbert Monheit,* for ap-
pellant.

*George P. Williams, III,* with him *William T. Hangley, Harvey Levin,* and *Schnader, Harrison, Segal & Lewis,* for appellees.

OPINION BY MR. JUSTICE JONES, July 1, 1968:

This appeal presents a narrow question: does a judgment entered in a trespass action brought in the name of the plaintiff, for both his benefit and that of his subrogated insurance carrier, to recover property damages resulting from an automobile accident, bar a later trespass action between the same parties for personal injuries suffered by the plaintiff in the same accident?

On May 12, 1966, an automobile, owned by Samuel Schlessinger and operated by Earl Maxwell, collided with another automobile, owned and operated by Joseph Spinelli, and, as a result, allegedly, Spinelli suffered not only damage to his automobile but also injuries to his person.

The damage to Spinelli's automobile amount to $1300; of that amount Spinelli's insurance carrier, Calvert Fire Insurance Company, paid Spinelli $1200, the difference between the $1300 damage and the $100 deductible provision in the insurance policy. Upon receipt of payment, Spinelli executed a subrogation receipt and signed the following request: "The undersigned, having suffered a property loss of $100.00 in excess of the $1200.00 named in the foregoing subrogation receipt, does hereby request the said insurance company to employ counsel for and on his behalf, to effect recovery thereof, only, however, in the event that said insurance company employs counsel on its own behalf. It being herein agreed, that, in event of recovery the net proceeds thereof (after payment of costs and Attorneys' fees) shall be apportioned between the undersigned and the said insurance company as the interest of each herein appears."

On October 6, 1966, a trespass action was instituted in the name of Spinelli against Schlessinger and Maxwell in the County Court of Philadelphia County and in that action Spinelli asserted a claim against Schlessinger and Maxwell only for the $1300 damage to his automobile. Approximately seven months later, an arbitration panel made an award in favor of Spinelli and against Schlessinger and Maxwell in the amount of $1300 and, upon payment of this award, a judgment was entered of record on May 31, 1967 in favor of Spinelli and against Schlessinger and Maxwell and then marked satisfied.

On April 4, 1967, Spinelli instituted the instant trespass action against Schlessinger and Maxwell in the Court of Common Pleas of Philadelphia County wherein Spinelli claimed damages only for his personal injuries. In answer to Spinelli's complaint, Schlessinger and Maxwell, under new matter, recited the record facts of the prior trespass action and then moved for judgment on the pleadings. Judge BERNARD J. KELLEY of the court below entered a judgment for Schlessinger and Maxwell. From that judgment the present appeal was taken.

When personal injuries to a person and damages to his property arise from the same cause and the same tortious act, the person who has sustained such personal injuries and property damage *must* seek recovery for both in a single action and, if separate actions are instituted for each category of damage and a judgment is rendered in one of such actions, the entry of such judgment has the effect of *res judicata* and bars recovery in the other action. Such is the view of a substantial majority of jurisdictions in the United States,[1] and to this view Pennsylvania has long

---

[1] See: 62 A.L.R. 2d pp. 982-989, inc. As to the minority jurisdictions, see: 62 A.L.R. 2d pp. 1001-1008, inc.

adhered. See: *Fields v. P.R.T. Co.*, 273 Pa. 282, 117 A. 59 (1922) ; *Fisher v. Hill,* 368 Pa. 53, 81 A. 2d 860 (1951) ; *Saber v. Supplee-Wills-Jones Milk Co.,* 181 Pa. Superior Ct. 167, 124 A. 2d 620 (1956).[2]

Basically, the question turns on whether there is only one cause of action or more than one cause of action. In *Fields v. P.R.T. Co.,* supra, this Court took the position that: ". . . If the cause of action is a wrongful act, *and we so hold,* then all of the damages sustained thereby, whether to person or property, are properly sought in one suit . . . ." (p. 286). (Emphasis added). The views expressed in *Fields* are sound and have long represented the law in this Commonwealth and to the ruling in *Fields* we continue to adhere.[3]

The *Fields* ruling is salutary: (a) it relieves defendants of subjection to more than one suit by the same person for a single tort; (b) it avoids a multiplicity of suits; (c) it provides a simple and direct method of determining all the claims of an individual arising from the same tortious act.

In the case at bar, Spinelli's counsel, recognizing, but not conceding the soundness of, the rule enunciated in *Fields,* takes the position that the *Fields* rule should be subjected to an exception so as not to bar recovery in the present action.[4] Non-application of the *Fields* rule is urged in the case at bar because: (a) the

---

[2] Cf. *Sustrik v. J. & L. Steel Corp.*, 413 Pa. 324, 327, 328, 197 A. 2d 44 (1964) ; *London v. Philadelphia,* 412 Pa. 496, 500, 194 A. 2d 901 (1963).

[3] Prior to the ruling in *Fields*, it was customary to include in one action claims for property damage and personal injuries inflicted at the same time. See: Standard Pennsylvania Practice, vol. 3, §63 and footnote, p. 73.

[4] Some jurisdictions which follow the majority rule recognize an exception where one element of the injured party's damage is the subject of insurance. See: 62 A.L.R. 2d 977, §5(b), pp. 989-995, inc.

County Court action for property damage was brought for the benefit of Spinelli's insurance carrier and that it was such carrier and not Spinelli who was the real party in interest in that action; (b) the execution by Spinelli of a "subrogation receipt" rather than a "loan receipt", when he was paid $1200 by his insurance carrier, reaffirms Spinelli's contention that it was the insurance carrier, not Spinelli, who was the actual party in the County Court action; (c) at all times Schlessinger, Maxwell and their insurance carrier knew that the County Court action was based upon a claim to which Spinelli's collision carrier was subrogated.

It must be noted, even at the sake of repetition, that the amount claimed (and recovered) in the County Court action was $1300 an amount which included $1200 paid to Spinelli by his carrier *and* the $100 deductible amount which represented Spinelli's uncompensated property damage. Thus, the amount sought and the amount eventually paid covered not only the loss of the insurance carrier but also Spinelli's own loss.

*Saber v. Supplee-Wills-Jones Milk Co.*, supra, effectively answers the first two contentions of Spinelli, i.e., as to the insurance carrier being the real party in interest and the "subrogation receipt". In *Saber,* Saber had received from his insurance carrier payment for the property damage to his motor vehicle, less a $50 deductible amount and had executed a "loan receipt" upon payment to him by his carrier.[5] Saber first instituted a suit for his personal injuries and in that action recovered a judgment. His insurance carrier later brought suit in Saber's name for the amount of the property damage including the $50 deductible

---

[5] As appellees' brief indicates, the practice of using "loan receipts" antedated the promulgation of Pa. R.C.P. 2002(d) which now allows a subrogee to sue in the subrogor's name.

loss not paid by the carrier. The trial court granted a motion for judgment on the pleadings on the ground that the judgment in the prior suit barred recovery in the second action and from the entry of such judgment Saber appealed. In affirming the entry of such judgment, the Superior Court held that the rule prohibiting the splitting of a cause of action was unaffected by the presence of the insurance carrier in the action as a "subrogee". The distinction which Spinelli's counsel seeks to draw between *Saber* and the case at bar to the effect that *Saber* was under a "loan receipt" rather than a "subrogation receipt" was considered by the Superior Court and rejected. A reading of *Saber* clearly reveals that it was not only argued but determined by the Court upon the theory of a subrogation *in fact* and not upon the theory of a "loan receipt". See also: *Frantz Tractor Co. v. Providence Washington Insurance Co.,* 383 Pa. 542, 545, 119 A. 2d 495 (1956).[6] That Maxwell, Schlessinger and their carrier *knew* Spinelli's carrier was a subrogee in the first action does not render the *Fields* rule inapplicable.

We believe it to be sound policy to avoid subjecting a person to a multiplicity of lawsuits by splitting up a single claim arising from the same tortious act because of the difference in the damage sustained. We see no reason, in the factual posture of this litigation, to make an exception to the well-settled rule in this Commonwealth.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

While I recognize as does the majority that our ruling in *Fields v. Philadelphia Rapid Transit Co.,* 273

---

[6] Spinelli not only signed the "subrogation receipt" but expressly requested and authorized his insurance carrier to employ counsel for him in the county court action.

484

Pa. 282, 117 Atl. 59 (1922), is salutary, I cannot agree that the rule in *Fields* should not be subjected to an exception when insurance is involved so as to permit recovery in the present action. In my view, there is substantial justification for a different rule when an insurance company has been subrogated to its insured's property claim against the alleged tortfeasor and the company has commenced suit and obtained judgment prior to the institution of an action for personal injuries by the insured. Despite the fact that the insurance company's claim was brought in the name of appellant, our Court has consistently held that a subrogee is the real party in interest. *Franz Tractor Company v. Providence Washington Insurance Company*, 383 Pa. 542, 119 A. 2d 495 (1956); *Spires v. Hanover Fire Insurance Company*, 364 Pa. 52, 70 A. 2d 828 (1950). There is no question that appellant was merely a formal party without any control over the prosecution of the insurance company's action, and without any proprietary or financial interest in the resolution of that action except appellant's possible right to $100 which represents the deductible feature of the insurance policy. Notwithstanding this *de minimis* pecuniary interest, the real party in interest is the person who controls an action to enforce rights and who is legally entitled to give a complete discharge to the defendant upon performance. See *Spires v. Hanover Fire Insurance Company*, supra. Under these circumstances, it is difficult to understand why appellant should be barred from recovering in the instant case when he had absolutely no control over the course of action which his insurance company pursued. Moreover, such an exception to the general rule against splitting a cause of action, while it does permit a multiplicity of suits and subjects the alleged tortfeasor to two suits instead of one, nevertheless, in my opinion, promotes the ends of justice. The law ought to permit

an injured party to collect that which his insurer has bound itself to pay without jeopardizing and prejudicing his rights against the actual wrongdoer. With the substantial backlog of cases in our courts, and the attendant delay in finally litigating the parties' rights and liabilities, we ought to encourage an expeditious procedure whereby one who has suffered harm will be recompensed with as little delay as possible by his own insurance company. It seems to me that this policy should take precedence over the policy of protecting a defendant from possible multiple litigation. For these reasons, I would permit appellant to maintain this action to recover damages for personal injuries sustained as a result of appellees alleged negligence.

I dissent.

Mr. Justice O'BRIEN joins in this dissenting opinion.