## Glaros v. Stocker

*Conrad A. Falvello,* for plaintiff.
*Charles J. Fonzone,* for defendant.

LAVELLE, *P.J.,* March 30, 1982 — Before the court is defendant's preliminary objection in the nature of a motion to dismiss plaintiff's complaint. The parties have stipulated that a deposition of plaintiff be considered by the court in ruling on defendant's demurrer.

The issue raised, one of first impression, is

whether a personal injury claimant who alleges exemption from the Pennsylvania No-fault Act and who has previously obtained a judgment in a property damage claim against the same defendant arising out of the same tortious act before a district justice is barred by the prior judgment under the doctrine of res judicata.

In Spinelli v. Maxwell, 430 Pa. 478, 243 A. 2d 425 (1968), the Supreme Court held that where personal injury and property damage claims arise from the same tortious act such as the negligent operation of a motor vehicle, judgment entered in one of such actions bars recovery in the other action.

This precedent was based on two underlying concepts: (1) the theory of judicial economy that a plaintiff should not be permitted to split his cause of action and create a multiplicity of suits and (2) the doctrine of res judicata which bars a party from litigating the same matter twice.

The doctrine of res judicata applies where the following four conditions are met between the prior action and the instant action:

(1)  identity of issues;

(2)  identity of causes of action;

(3)  identity of persons or parties to the action;

(4)  identity of the quality or capacity of the parties suing or sued:

Safeguard Mutual Insurance Co. v. Williams, 463 Pa. 567, 574, 345 A. 2d 664, 668 (1975); Duquesne Slag Products Co. v. Lench, 490 Pa. 102, 415 A. 2d 53 (1980).

However, the Spinelli case did not consider the significance of the Pennsylvania No-fault Motor Vehicle Insurance Act on this precedent. We, therefore, must address the issue here in the light of Spinelli and the No-fault Act.

The facts are simply stated. Plaintiff was involved in an automobile accident with defendant on December 29, 1978 in Allentown, Pa. On December 12, 1979, plaintiff filed a suit to recover a portion of her car rental costs for which she had not been reimbursed by her own insurance company against defendant. She obtained a default judgment against defendant in the amount of $353.88.

On November 24, 1980, she filed a complaint in trespass here in Carbon County against the same defendant alleging she was injured in the accident. In her complaint, she alleges permanent injuries and also that her medical bills are or will be in excess of $750.

## DISCUSSION

At this stage of the proceedings, we must take plaintiff's allegations in the complaint and her statements in the depositions as true: Anderson v. Shaffer, 39 Commonwealth Ct. 636, 396 A. 2d 91 (1979).

The key relevant feature of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974 is the abolition of liability for general damages for non-economic detriment arising out of a motor vehicle accident except in certain specific situations. Tort liability is retained for personal injuries if the claimant, inter alia, crosses these thresholds: (a) death or serious and permanent injury, 40 P.S. §1009.301(a)(5)(A) or (b) reasonable and necessary medical and dental expenses in excess of $750, 40 P.S. §1009.301(a)(5)(B).

Plaintiff in her complaint alleges facts which inficate she reached both of these thresholds. The complaint is silent, however, as to when these thresholds were crossed. This is an absolutely criti-

cal fact since under a recent Superior Court decision, it determines when her cause of action for pain and suffering, etc. came into being.

In Bond v. Gallen, _____Pa. Superior Ct. _____, 437 A. 2d 7 (1981) the Superior Court held that the two year statute of limitations for personal injury actions under the No-fault Act does not start to run until the claimant knows or in the exercise of reasonable diligence should have known that one of the thresholds specified in the act had been reached. The court stated, at page 11:

"We believe, and now hold, that the limitations period does not start to run until the claimant knows or in the exercise of reasonable diligence should have known that one of the section 301(a) thresholds had been reached, in other words, until the claimant has a cause of action that can be pleaded, consistent with the fact-pleading requirements of Pa.R.C.P. 1019(a)."

The Bond Opinion specifically noted that a cause of action for non-economic loss does not arise until one of the No-fault Act's thresholds have been reached: 437 A. 2d at 9.

Under the No-fault Act, there is no such restriction on the right to bring a property damage claim.

Based on the reasoning of Bond, the court must no longer assume as Spinelli did that claims for personal injuries and property damage arise simultaneously at the time of the alleged tortious act. Claims for non-economic loss and property damage must be regarded as separate and distinct even though they arise from the same incident. With respect to a non-economic loss claim, the court must now look to when the threshold is reached, i.e. when claimant's medical bills reached $750 or

when the claimant knows or should have known that she had a serious and permanent injury.

Using the same reasoning in determining whether res judicata applies in the case at bar, we must ascertain when plaintiff's personal injury claim arose. Her complaint does not shed any light on this question. Her deposition, however, clearly indicated that she did not know nor was she ever advised that she had a claim for personal injuries arising out of the accident of December 29, 1978. She testified at pages 7 and 8 of the deposition taken on January 23, 1981 as follows:

"Q: Now, at any time during those proceedings that we've just discussed, were you advised at any time that you may have a claim for personal injuries as a result of the accident of December 29, 1978?
A: No.
Q: In January, and particularly January 4, 1980, did you know yourself whether or not you would have a claim for personal injuries against Mr. Stocker as a result of the accident?
A: No
Q: Had you ever been advised that you may have a right to do that?
A: No.
Q: At that time, meaning January of 1980?
A: No."

Although it is not as clear and unambiguous as we would like, we interpret this testimony as establishing that when she filed her property damage claim, plaintiff did not know or with reasonable diligence should have known that she would have a future claim against defendant for non-economic damages by meeting a No-fault threshold allowing tort recovery.

These facts persuade us that plaintiff had no cause of action against defendant for non-economic loss at the time she obtained a property damage judgment against him in the district justice court. There was no identity of causes of action at the time she obtained her district justice judgment because her personal injury cause of action had not yet ripened. Res judicata, therefore, does not apply and plaintiff should not be barred from pursuing her claim for non-economic loss.

Accordingly, we enter the following

## ORDER

And now, March 30, 1982, upon consideration of defendant's preliminary objection to plaintiff's complaint, it is hereby ordered and decreed that said preliminary objection be, and the same is hereby dismissed.