

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2006

# Duong v. Nationwide Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4136

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Duong v. Nationwide Ins Co" (2006). *2006 Decisions.* Paper 221.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/221

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-4136

———

GLORIA MY LE DUONG;
DAVID T. DUONG

v.

NATIONWIDE INSURANCE COMPANY;
ESQUIRE PAUL SHAPIRO;
ESQUIRE HOWARD KAPLAN;
KAPLAN, RADOL, SHAPIRO & KAPLAN

Gloria My Le Duong
and David T. Duong, her husband,
                                        Appellants

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cv-00563)
District Judge: Honorable William W. Caldwell

———

Submitted Under Third Circuit LAR 34.1(a)
November 6, 2006

Before: SLOVITER, CHAGARES, and NYGAARD, Circuit Judges

(Filed November 8, 2006)

———

OPINION

SLOVITER, <u>Circuit</u> <u>Judge</u>.

Gloria My Le Duong and David Duong, her husband, appeal from the order of the District Court dismissing their action against Nationwide Insurance Co. ("Nationwide") and two lawyers and their law firm who represented Nationwide, as subrogee of Gloria My Le Duong, in its New Jersey state action for property damage to the automobile of Gloria My Le Duong ("Duong"). Because David Duong's claim is derivative of that of his wife, we will use the singular "Duong" in this opinion.

## I.

On November 7, 1998, Brett Masie, driving a truck with the name "Belfiore Provisions" emblazoned on its side, struck a vehicle operated by Gloria My Le Duong. She reported the collision to Nationwide, and explained that her vehicle had been damaged and that she had sustained personal injuries. Nationwide paid her for the property damage and for the medical expenses that were covered under the policy. In July 2000, Nationwide hired the Appellee law firm Kaplan, Radol, Shapiro, & Kaplan L.L.P. (the "Law Firm") to pursue a subrogation action in the Superior Court of New Jersey, Mercer County, for the property damage to Duong's vehicle. Howard Kaplan and Paul Shapiro ("Attorneys"), who were members of the Law Firm, represented Nationwide. Although Nationwide had been apprised that Duong had retained attorney David Knauer as counsel, it failed to inform Knauer that it had filed a complaint against Belfiore in an attempt to recover the money paid to Duong under the policy. The

2

complaint in the subrogation action named Nationwide as the plaintiff, "a/s/o Gloria My Le," and "Ronald Belfiore d/b/a Belfiore Provisions" as the defendant.

In November 2000, Knauer filed a personal injury action on behalf of Duong in the Philadelphia Court of Common Pleas (the "Philadelphia action") and named Belfiore Provisions and Masie as the defendants. The case was captioned "Gloria My Le Duong and David T. Duong, her husband v. Belfiore Provisions and Brett L. Masie."

In March 2001, Belfiore filed a motion for summary judgment in the New Jersey action, on the ground that on November 2, 1998, just five days before the accident, he had agreed to sell the truck to Masie and that, on the morning of the accident, he had transferred title to Masie in exchange for $6500. The New Jersey Superior Court granted the motion. Thereafter, Belfiore moved for summary judgment in the Philadelphia action, and attached a copy of the New Jersey Superior Court's summary judgment order. The Philadelphia court granted Belfiore's motion.

Duong, through the same counsel that represents her here, filed a motion for declaratory judgment in the Philadelphia action "to determine if [Duong] could proceed with [her] claim against Masie only and whether [Duong's] counsel could ethically prosecute [Duong's] claim against Masie only." App. at 11a. The Philadelphia court issued a declaratory judgment stating that Duong had split her cause of action by filing the New Jersey action and therefore could not maintain the action for personal injuries. Duong did not appeal that ruling.

3

Instead, she filed this action in the United States District Court for the Middle District of Pennsylvania alleging two breach of contract claims and a bad faith claim against Nationwide, legal malpractice claims against Shapiro and Kaplan, as well as a claim against the Law Firm under a respondeat superior theory.

Nationwide thereafter moved to dismiss the complaint, arguing that Duong had lost her right to recover for her personal injuries because counsel erroneously sought a declaratory judgment which clarified the alleged claim-preclusive effect of the New Jersey action, and not because Nationwide had separately pursued its subrogation action. The District Court granted Nationwide's motion to dismiss, concluding that Pennsylvania law had not barred the personal injury action because Duong alleged she had no notice of the subrogation action. The District Court did permit Duong to file an amended complaint if she could allege facts, in good faith, that could support her claim.

The amended complaint provided more factual detail concerning Duong's contacts with Shapiro and alleged two new claims against Nationwide, one for negligence, based on its handling of the subrogation claim, and one for breach of contract on a separate claim that Nationwide had failed to pay for their rental car while hers was being repaired. Nationwide, Shapiro, Kaplan and the Law Firm thereafter filed separate motions to dismiss and the District Court granted their motions.[1] This appeal followed.

---

[1] The remaining rental car claim has apparently been resolved, as that count was subsequently dismissed.

4

## II.

A.    <u>Nationwide</u>

The District Court granted the defendants' motion to dismiss on the ground that Duong had split her cause of action. Duong, whose success in this action against Nationwide and the defendant lawyers is dependent upon a holding that the New Jersey action for property damage precluded her Pennsylvania suit for personal injuries, seeks to hold the defendants responsible for that effect. Therefore, it is her position that the Philadelphia judge's decision that the Pennsylvania suit was barred was both correct as a matter of law and should be given full faith and credit.

The District Judge rejected Duong's argument. The Court recognized that the Pennsylvania Supreme Court in <u>Spinelli v. Maxwell</u>, 430 Pa. 478, 243 A.2d 425 (1968), held that because plaintiff had recovered a judgment for the damages to his vehicle, he split his action and was barred by res judicata from bringing a second complaint for his personal injuries. However, shortly thereafter in <u>Stahl v. Hilderhoff</u>, 432 Pa. 179, 247 A.2d 582 (1968), the Pennsylvania Supreme Court, faced with a somewhat similar factual situation, concluded that the <u>Spinelli</u> rule was inapplicable because the plaintiff was not a party or in privity with the parties in the property damage action. Holding that <u>Stahl</u> rather than <u>Spinelli</u> was applicable in this case because Duong had not alleged that she authorized the New Jersey action, the District Court held that Duong had preserved her right to sue for personal injuries by refusing to consent to the subrogation action filed by

5

Nationwide in New Jersey.

The District Court also rejected Duong's argument that it erred in failing to give full faith and credit to the decision of the Philadelphia Court of Common Pleas. The District Court stated that under 28 U.S.C. § 1738, it "must accord state-court rulings the same effect they would have in a state court." App. at 18a. The Court continued, "This requires us to follow the state law of issue preclusion. . . . Pennsylvania law on issue preclusion [referring primarily to Spinelli and Stahl] does not bar the defendants from litigating the claim-preclusive effect of the New Jersey summary judgment on the Philadelphia action. Hence, we are giving the ruling in the Philadelphia action the same effect a state court would." App. at 18a. We see no reason to disturb the District Court's decision granting Nationwide's motion to dismiss.

B. The Attorneys

The District Court granted the motion of the Attorneys to dismiss because Duong's amended complaint failed to allege facts showing that any of the attorney defendants were the proximate cause of the loss of Duong's personal injury action. The Court agreed with the Attorneys that Duong was the cause of the loss by moving for a declaratory judgment in the personal injury action. Although the District Court did not analyze the proximate cause issue further, aside from its ruling that Pennsylvania would not have precluded Duong from maintaining her action for personal injuries under the circumstances, we note that Duong did not appeal the ruling of the Philadelphia court. Such an appeal would

6

have given a Pennsylvania appellate court the opportunity to note that neither Nationwide nor the Attorneys were in privity with Duong in her personal injury suit, so that the decision in the New Jersey action may not have barred the Pennsylvania suit brought by Duong against Masie. We choose not to conjecture whether Duong failed to take further steps to assert her personal injury claim against Masie because of a calculation that this suit against Nationwide and the Attorneys was more promising. It is sufficient for us to hold that the District Court did not err in ruling that Duong had not shown that any of the Attorneys were the proximate cause of the loss of Duong's personal injury action. It follows that we will affirm the decision of the District Court.