**Nevin Stitzer Contracting Inc. v. DFS Co. Inc.**

*Terry J. Williams,* for plaintiff.
*Donald K. Zagurskie,* for defendant.

KISTLER, *J.,* September 21, 2009—Presently before this court are the preliminary objections filed by defendant, DFS Co. Inc. on June 22, 2009. DFS' preliminary objections included a motion to strike pleading due to lack of conformity to law or rule of court, a demurrer as to splitting the cause of action, a claim of insufficient specificity of the complaint, and a general demurrer as to the complaint as a whole. A hearing regarding these preliminary objections was held on August 27, 2009.

## STANDARD OF REVIEW

The standard of review is as follows:

"Dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. The test on preliminary objections is whether it is clear and free from doubt from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. To determine whether preliminary objections have been properly sustained, this court must consider as true all of the well-pleaded material facts set forth in [plaintiff's] complaint and all reasonable inferences that may be drawn from those facts." *Bourke v. Kazaras,* 746 A.2d 642, 643 (Pa. Super. 2000) (citing *Bower v. Bower,* 531 Pa. 54, 57, 611 A.2d 181, 182 (1992)).

Strictly with regard to this court's analysis, the following well-pleaded material facts presented in the following section are taken as true for purposes of this demurrer. This is not an exhaustive description of material facts, but is meant to merely provide assistance in rendering this opinion.

## WELL-PLEADED FACTS

Plaintiff, Nevin Stitzer Contracting Inc. and DFS entered into a contract, "Staples contract", on February 19, 2007. DFS provided the steel required for a construction project where Stitzer performed the construction erection services. The contracted amount for the erection of the steel was $36,000. In addition to the basic contract work,

additional work was required in order to complete the erection of the steel. (Complaint ¶6.) The additional work required was completed at the request of the general contractor, with no input or objection made from DFS. (Complaint ¶¶10-14.) During this process, Stitzer sent invoices detailing the charges associated with the additional work. The dates of these invoices range from April 18, 2007 to May 10, 2007.

On March 6, 2008, Stitzer, in an action separate from that immediately at bar, sought to recover from DFS the "past due balance" on the contract. On, April 29, 2008, that complaint, CV-0000097-08, was adjudicated in favor of Stitzer in the amount of $4,600, plus costs. DFS paid the judgment on May 7, 2008.

On February 12, 2009, Stitzer filed the current action seeking payment for the "additional work" that was required to finish the contracted job. On April 13, 2009, the complaint CV-0000061-09 was adjudicated in favor of Stitzer in the amount of $6,413.71, plus costs. DFS filed this appeal to this court on April 30, 2009.

## DISCUSSION

DFS has filed four preliminary objections. All of which, save for one, if sustained by this court cease this action.

As was laid out in the facts above, the instant action originates from the Staples contract. As a result of the Staples contract, which for all intents and purposes ranged from February 19, 2007 to May 10, 2007, two

separate actions were brought against DFS in relation to this singular contractual event.

Upon review of the complaint, the court determines that Stitzer was aware that the additional work for which it now seeks compensation was necessary to complete the original contracted-for work. (Complaint ¶¶10-14.) The exhibits presented within Stitzer's complaint detail the invoices for the additional work performed; those invoice dates ranged from April 18, 2007 to May 10, 2007. All of the Staples contract invoices predate the filing date of the first action, and thus could have been included in the initial suit to collect the outstanding balance of the contract. Furthermore, the absence of an addendum to the original Staples contract, or the existence of a secondary, separate contract for the additional work, leads the court to believe all of the work performed by both parties was pursuant to the Staples contract.

Under Pennsylvania Rules of Civil Procedure 1020(d) (1) and (4) a plaintiff is required "to join in one action all causes of action which arise from the same transaction or occurrence, regardless of the nature of the claim. Failure to join a cause of action as required by Rule 1020(d)(1) results in waiver of that claim." *Hineline v. Stroudsburg Electric Supply Company Inc.,* 402 Pa. Super. 178, 181, 586 A.2d 455, 456 (1991). (citation omitted) In addition to notions of judicial economy, "[t]he purpose of [the rule] is to avoid multiplicity of suits, thereby ensuring the prompt disposition of all rights and liabilities of the parties in a single suit." *Id.* at 182, 586 A.2d at 456.

Stitzer asks this court to distinguish between the two complaints, as one seeks the balance of the contract and the other seeks compensation for the additional work that was required. The court, however, views the situation differently as the purpose of each suit was to collect money owed to Stitzer under one single contract. Stitzer chose to first seek the "balance due of the contract" when it could have, and should have, sought all outstanding monies DFS owed. Stitzer, with the belief that DFS owed plaintiff $11,013.71, essentially the "total balance due" of the contract, only sought $4,600. By seeking to recover the money owed to Stitzer into two separate actions, Stitzer split the cause of action against DFS. This is disallowed under Pennsylvania law. See *Spinelli v. Maxwell,* 430 Pa. 478, 243 A.2d 425 (1968).

## ORDER

And now, September 21, 2009, defendant, DFS Co. Inc.'s, preliminary objections are hereby sustained, and the action is dismissed with prejudice.