470 A.2d 521

**Stella FITZPATRICK, Appellant,**

v.

**Spero A. BRANOFF Sr. and Juditha A. Branoff, Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 24, 1983.

Decided Dec. 30, 1983.

Richard H. Wix, Bernadette Barattini, Harrisburg, for appellant.

Neil J. Rovner, Harrisburg, for appellees.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

McDERMOTT, Justice.

At issue in this appeal is whether pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act[1] (No-Fault) an insured may have separate causes of action for personal injury and property damage arising out of the same negligent act. The facts are set forth below.

On December 24, 1977, appellees Spero A. Branoff, Sr. and Juditha Branoff were involved in a vehicular accident with appellant Stella Fitzpatrick, which resulted in property damage as well as personal injuries to Spero A. Branoff, Sr. In October of 1978, appellees brought an action in trespass for property damages only. Following an Arbitration Hearing appellees were awarded compensation for the fair mar-

---

1. Act of July 19, 1974, P.L. 489 § 101 et seq., 40 P.S. § 1009.101 et seq. (Supp.1983).

ket value of their automobile. Payment in full was made and the trespass action was terminated.

On December 18, 1979, appellees instituted a second action in trespass arising out of the same accident, this time asserting a claim for personal injuries. Additionally, appellee, Juditha Branoff asserted a claim for loss of consortium. Appellees alleged that as a result of the injuries sustained, Spero Branoff, Sr. was unable to perform his employment on a continual basis from December 24, 1977, to approximately March 20, 1979.

Appellant filed Preliminary Objections to this second complaint citing appellees' failure to assert both their personal and property damage claims in the initial action. In July of 1980, the Court of Common Pleas of Dauphin County sustained the Preliminary Objections.

An appeal was taken to the Superior Court, 313 Pa.Super. 562, 460 A.2d 330, which reversed the order of the lower court and remanded the case for further disposition. The Superior Court reasoned that as a result of the Pennsylvania No-Fault Act, there now exists separate causes of action for personal injury and property damage and appellees were not obliged to join these claims in one petition. The Superior Court further noted that even if injured parties know that a no-fault threshold for their personal injuries has been reached before they institute their initial action for property damage, there is no requirement that they join the two claims. Appellant herein petitioned this court for review and we granted allocatur. After consideration, we reverse the decision of the Superior Court.

The holding of the Superior Court is based upon the erroneous assumption that the Pennsylvania No-Fault Act has eliminated the requirement that an individual who has sustained both property damage and personal injuries from the same tortious act, must simultaneously seek recovery. *See* Pa.R.Civ.Pro. 1044(a).[2]

2. Pa.R.Civ.Pro. 1044(a) provides:

The laws of this Commonwealth have long adhered to the principle that a cause of action for negligence cannot be split or divided. *Spinelli v. Maxwell,* 430 Pa. 478, 243 A.2d 425 (1968). This holding was articulated by Mr. Justice Jones in *Spinelli* when he stated:

> When personal injuries to a person and damages to his property arise from the same cause and the same tortious act, the person who has sustained such personal injuries and property damage must seek recovery for both in a single action, and if separate actions are instituted for each category of damage and a judgment is rendered in one of such actions the entry of such judgment has the effect of res judicata and bars recovery in the other action. Such is the view of a substantial majority of jurisdictions in the United States and to this view Pennsylvania has long adhered. See *Fields v. Philadelphia Transit Co.,* 273 Pa. 282, 117 A. 59 (1922); *Fisher v. Hill,* 368 Pa. 53, 81 A.2d 860 (1951); *Saber v. Supplee Wills-Jones Milk Co.,* 181 Pa.Super. 167, 124 A.2d 620 (1956).

*Id.,* 430 Pa. at 480–481, 243 A.2d at 427.

Although *Spinelli* was decided before the enactment of the No-Fault Act it continues to maintain its vitality, and can be reconciled with the Act. Pursuant to the No-Fault Act, specifically section 301,[3] tort liability is abolished for

The plaintiff may state in his complaint two or more causes in trespass, triable in the same county, which arise from the same transaction or occurrence or series of transactions or occurrences.

**3.** Section 301 of the No-Fault Insurance Act, 40 P.S. § 1009.301, provides in part:

§ 1009.301   Tort Liability:

(a) Partial abolition. Tort liability is abolished with respect to any injury that takes place in this state in accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle, except that:

5) A person remains liable for non-economic detriment if the accident results in:

(A) death or serious personal injury; or

(B) the reasonable value of reasonable and necessary medical and dental services, including prosthetic and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars

personal injury unless certain monetary thresholds have been met. Also, tort liability still exists for property damage.

■ In the instant case, the automobile accident occurred on December 24, 1977. It was on this date that a cause of action for property damage arose. Under the No-Fault Act, a cause of action did not accrue for personal injuries until several months later, when the threshold had been met.[4] Regardless of that fact, however, both causes of action were mature well before the initial action for property damages was instituted. Thus, appellees were required to bring all their claims, and the failure to join both their property damages and personal injury actions bars the second action. *Spinelli v. Maxwell, supra.* This mandate is based on the doctrine of res judicata which provides that once a judgment is rendered, that judgment is conclusive between the parties with regard to all points of law directly related to the cause of action and affecting the matter before the court. *Bearoff v. Bearoff Brothers, Inc.,* 458 Pa. 494, 498, 327 A.2d 72, 75 (1974); *Philadelphia Electric Co. v. Borough of Lansdale,* 283 Pa.Super. 378, 389, 424 A.2d 514, 519 (1981).

While this may seem a harsh result, it is even more unjust to permit defendants to be subjected to repeated suits, when it is possible to litigate all matters at one time. Finality of judgment is the end sought and adherence to the policy articulated above will produce that result. This is also in accord with the purpose of the No-Fault Act which is to reduce the quantity of litigation involving automobile accidents.

($100) is in excess of seven hundred fifty dollars ($750). For purposes of this subclause, the reasonable value of hospital room and board shall be the amount determined by the Department of Health to be the average daily rate charged for the semi-private hospital room and board computed from such charges by all hospitals in the Commonwealth;

4. Appellee had met the $750 threshold requirement for bringing a common law action in tort pursuant to 40 P.S. § 1009.301(a)(5)(B) of the No-Fault Act.

■ There exists one caveat to this mandate, however. The requirement that an individual bring all his ripe claims simultaneously, does not preclude the institution of additional suits where the threshold for a personal injury action has not been reached at the time property damages claims are made. *See Bond v. Gallen*, 503 Pa. 286, 469 A.2d 556 (1983). If, at some later date, a personal injury claim arises the cause of action will not be barred. Such is not the case here, since the facts clearly demonstrate that appellees were aware of both their personal injury and property damage claims when they instituted their first suit.

In light of our disposition the Order of the Superior Court is reversed and the Order of the Court of Common Pleas of Dauphin County sustaining appellant's Preliminary Objections is reinstated.

HUTCHINSON, J., concurs in the result.