## Kindig v. Smith

*David Pollick,* for plaintiffs.
*Robert J. Brown,* for defendant.

ERB, *J.,* August 14, 1984—This matter is before the court on defendant's motion for summary judgment.

Plaintiff was involved in an automobile accident with defendant on March 18, 1983. As a result of that accident, plaintiff suffered personal injuries, as well as property damage to his car. On March 29, 1983, two checks in the amount of $795 and $125 were issued and paid to plaintiff on behalf of defendant. The check in the amount of $795 was marked as payment for property damage and the check in the amount of $125 was marked as "in full settlement of all claims arising from the accident." When the checks were issued, plaintiff had incurred charges in excess of $750 for treatment of his injuries arising from the accident.

On August 2, 1983, plaintiff filed a complaint in trespass, seeking damages for his personal-injury claims arising out of the accident from defendant. Defendant now contends that plaintiff has split his cause of action between the property-damage claim and the personal-injury claims and that plaintiff is not entitled to proceed with that action because only one cause of action arose out of the March 18, 1983 accident which was settled by plaintiff's acceptance of the draft on March 29, 1983. Plaintiff contends that he has only settled the property-damage claim and is entitled to file an action for the personal-injury damages.

The crucial question in any summary judgment motion is whether there is a genuine issue as to any material fact. Generally, a motion for summary judgment may be granted only if the pleadings, depositions, answers and interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled judgment as matter of law. Pa.R.C.P. 1035, 42 Pa.C.S. 6 Standard Pennsylvania Practice 2d., §32:6. Before summary judgment may be entered: the case must be

free and clear from doubt; the moving party must prove that there is no genuine issue of material fact to be tried and that he is entitled to judgment as a matter of law; and the record must be viewed in the light most favorable to the nonmoving party and all doubts as to the existence of genuine issues of material fact must be resolved against the moving party. Thornburg v. Pa. Public Utility Commission Bar Association, 62 Pa. Commw. 88, 434 A.2d 1327, aff 'd 498 Pa. 589, 450 A.2d 613 (1982).

It is clear that under Fitzpatrick v. Branoff, 504 Pa. 169, 470 A.2d 521 (1983), a plaintiff is required to bring all ripe claims, personal injury and damage claims, arising out of a single accident, in one suit and failure to do so will result in the first action barring any subsequent actions. A prior lawsuit for property damages acts as a bar to a later, separate lawsuit for personal injuries based on res judicata if the personal-injury claims were ripe at the time of the disposition of the property claims. The court's holding in Fitzpatrick reflects its intention to deter multiplicity of lawsuits.

The case before us, however, does not involve a prior lawsuit and therefore, the Fitzpatrick case is distinguishable. To hold that a settlement, prior to filing a lawsuit of one claim arising from an accident, bars a later lawsuit involving another claim arising from the same accident would have the effect of deterring parties from resolving as many of their differences as possible before bringing a lawsuit. The present suit, in which plaintiffs make claims for personal injuries arising out of the same accident for which plaintiffs accepted payment for property damage without bringing a lawsuit, does not amount to a splitting of plaintiffs' cause of action. Therefore, we shall deny defendant's motion for summary judgment on that basis.

Defendant also argues that plaintiff had incurred medical expenses in excess of $750 at the time when plaintiff accepted the checks and, therefore, the claim for personal injuries as well as for property damage against defendant was raised when plaintiff accepted the checks as settlement for his claims. After careful review of the record, we find that there is a genuine issue as to this material fact. The check stubs do not clearly state the claims covered by the payments. Plaintiff contends that payments only covered the claim for property damages and even defendant states in his brief that "the acceptance of the checks on March 29, 1983 by plaintiff in payment of his property damages was a settlement of such claim and as such terminated any cause of action which plaintiff had against defendant for property damages arising out of the March 18, 1983 accident." Therefore, since it is unclear whether the payments made to plaintiffs were to compensate plaintiffs for both property damage and personal injuries, we shall deny defendant's motion for summary judgment on that basis also.

Lastly, plaintiffs contend that defendant's motion for summary judgment was based on "such a ridiculous interpretation of the Fitzpatrick case as to warrant a finding that defendant should be responsible for plaintiffs' reasonable costs and attorney's fees involved in responding to this motion." Although we distinguished the Fitzpatrick case from the present case, we find no merit in plaintiffs' contention and therefore, we deny plaintiffs' request for reasonable costs and attorney's fees and for a hearing to determine such costs and fees.

## ORDER

And now, August 14, 1984, defendant's motion for summary judgment is refused and dismissed.

Plaintiffs' request for reasonable costs and attorney's fees is refused and dismissed.