**Nationwide Insurance Company v. Montefour**

*David L. Smiga,* for plaintiff.
*J. Scott Brady,* for defendant.

DALESSANDRO, *J.,* September 12, 1985—

## NATURE OF PROCEEDINGS

This matter is before the court on the preliminary objections filed by defendant.

## HISTORY AND FACTS

On May 14, 1983, a vehicle owned by plaintiff's subrogor and operated by Elyce Wickiser was struck by a vehicle operated by defendant, on L.R. 40176, Hazle Township. On May 8, 1984, Robert W. Wickiser, as the administrator of the estate of Elyce Wickiser and on his own behalf, filed a complaint comprised of a wrongful death action and a survival action (Luzerne County, no. 401-C of 1984). On June 20, 1985, subsequent to a praecipe to issue a writ of summons filed on April 29, 1985, plaintiff filed a complaint to recover property damages sustained in the subject collision. Plaintiff asserts that it was the insurance carrier of Robert W. Wickiser and has paid for the damages to Wickiser's vehicle which resulted from the collision, and now, as subrogee of Robert W. Wickiser, it demands its subrogation interest in the amount of $5,803.50.

On July 8, 1985, defendant filed preliminary objections, which are presently before us for disposition.

## DISCUSSION AND LAW

Defendant's preliminary objections are in the nature of a demurrer and a motion for more specific pleading. This combination has been examined by the Superior Court in Speck v. Finegold, 268 Pa. Super. 342, 408 A.2d 496 (1979), revs'd in part on other grounds, 497 Pa. 77, 439 A.2d 110 (1981), wherein it was held as follows:

"It is inconsistent for a party to both demur to a pleading and at the same time move for a more specific pleading. If a party can demur, then by definition the pleading is specific enough for the party to understand the allegations contained therein. Otherwise, how would the moving party know what cause of action or defense is stated." Speck at 351-352, 408 A.2d at 501, ftnt. 10. In accordance with the rationale of Speck as applied to the facts of the present case, defendant's motion for a more specific complaint will not be considered and may be treated as being denied.

Defendant's preliminary objection in the nature of a demurrer asserts that, because Robert W. Wickiser failed to bring a claim for property damage at the time the wrongful death and survival actions were filed, the cause of action filed by present plaintiff, Wickiser's subrogor, is deemed to be waived and is thus barred by the operation of Pa. R.C.P. 1020(d)(1).

Our research has been unable to provide any direct authority on the application of the waiver provision of Pa.R.C.P. 1020(d)(4).* However, some guid-

---

*We note that plaintiff's brief in opposition to defendant's preliminary objections does not even touch on the issues of

ance is found in the general language of Fitzpatrick v. Branoff, 504 Pa. 169, 470 A.2d 521 (1983), which examined the effect of the Pennsylvania No-fault Motor Vehicle Insurance Act upon the availability of separate causes of action for personal injury and property damage arising out of the same negligent act; Fitzpatrick focused on a separate cause of action for personal injury instituted *after* the appellees' action for property damages was concluded in their favor, and thus terminated. As observed in Fitzpatrick, "[t]he laws of this Commonwealth have long adhered to the principle that a cause of action for negligence cannot be split or divided." Fitzpatrick at 172, 470 A.2d at 523.

It is a well-settled principle that an injured party must consolidate into a single action against a wrong-doer all damages arising out of a tort. Pa.R.C.P. 1020. "As a subrogee derives his right to recovery from the injured party, the prohibition against splitting of actions is no less binding where the interest of a subrogee is involved." (Citations omitted.) Travelers Ins. Co. v. Hartford A. & I. Co., 222 Pa. Super. 546, 549, 294 A.2d 913, 915 (1972). In a case primarily concerned with a statute of limitations, the Pennsylvania Supreme Court has held that merely because subrogation is an equitable doctrine, no new equitable rights are created in the subrogee; a subrogee possesses no greater rights than its insured. Ins. Co. of N. Am. v. Carnahan, 446 Pa. 48, 284 A.2d 728 (1971).

By reading together Fitzpatrick and the effect of subrogation upon the subrogee's rights, along with a literal interpretation of Pa.R.C.P. 1020(d) (4), we

---

joinder of causes of action arising out of the same transaction or occurrence and waiver; instead plaintiff erroneously focuses on the propriety of consolidation, pursuant to Pa. R.C.P. 213.

are compelled to sustain defendant's demurrer. Pa.
R.C.P. 1020 (d)(1) literally mandates that "[i]f a
transaction or occurrence . . . gives rise to causes of
action against the same person, . . . they shall be
joined in separate counts in the action against any
such person." Inasmuch as all causes of action aris-
ing from the May 14, 1983 collision were not includ-
ed in Wickiser's suit, any outstanding cause of ac-
tion subsequently filed by Wickiser individually or
by the present plaintiff, as Wickiser's subrogor, is
deemed waived.

### ORDER

It is hereby ordered as follows:

(1) Defendant's preliminary objection in the na-
ture of a motion for more specific pleading is
denied;

(2) Defendant's preliminary objection in the na-
ture of a demurrer is sustained;

(3) Judgment is entered in favor of defendant,
and against plaintiff.