Norman HARNER, et al., Plaintiffs,

v.

DOUGHERTY FUNERAL HOME, INC., Defendant.

Civ. A. No. 89–0794.

United States District Court, E.D. Pennsylvania.

Dec. 20, 1990.

Jerome Ellis, Philadelphia, Pa., for plaintiffs.

John J. O'Brien, III, Philadelphia, Pa., for defendant.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

This memorandum is written in disposition of the various post-trial motions filed in this case.

Plaintiff Helen Harner was the driver and plaintiff Frances Greco was the only passenger in a vehicle that was struck by a vehicle driven by an employee of Dougherty Funeral Home. There was jurisdiction in this court because of diversity of citizenship. Both of these plaintiffs were awarded verdicts of $50,000 by the jury. Their spouses were each awarded $10,000 for loss of consortium.

Defendant has listed thirty-five allegations of error in the various memoranda it has filed in support of its post-trial motions. I will discuss three of them.

■ Defendant argues that this cause of action is barred by res judicata. Before the complaint in this case was filed the Harners' insurance company filed an action against Dougherty Funeral Home and its employee who was driving the vehicle involved in this accident in the Philadelphia Municipal Court entitled: *Continental Insurance Company as subrogee of Norman and Helen Harner v. John H. Haley and Doherty Funeral Home.* Continental filed this action to recover for property

damage to the Harner's vehicle. The Harners had not given Continental permission to file an action and did not know that the action had been filed until they were notified to come to court as witnesses. When the case was settled the insurance company paid the Harners a portion of its recovery to compensate them for part of the deductible they had paid.

■ Under Pennsylvania law, claims are not to be split into separate property damage and personal injury law suits. *Fitzpatrick v. Branoff*, 504 Pa. 169, 172, 470 A.2d 521, 523 (1983); *Spinelli v. Maxwell*, 430 Pa. 478, 480–81, 243 A.2d 425, 427 (1968). In *Stahl v. Hilderhoff*, 432 Pa. 179, 183, 247 A.2d 582, 584 (1968) the Pennsylvania Supreme Court held that if the plaintiff did not authorize a law suit brought by her insurance company in her name, the plaintiff was not barred from bringing her own action to recover for her personal injuries. That case controls here. Plaintiffs did not authorize the insurance company's action and it was not brought in their name. The defendant argues that before the insurance company brought its subrogation claim the plaintiffs' attorney knew that the insurance company was going to attempt to recover from defendant's insurance company the amount it paid out to the plaintiffs for the damage to their car. There is nothing in the record to indicate that the attorney knew that the insurance company was going to file a lawsuit for this purpose and nothing in the Pennsylvania cases indicate that if he did know he had a duty to stop the insurance company.

It is true that this claim was wrongly split under Pennsylvania law, but this was done by the insurance company without the authorization of the plaintiffs and therefore does not bar this action. Although the Municipal Court action could have been defended on the ground that it was without the authorization of the plaintiffs, this action can not be barred because they did not find out about and prevent that action.

Defendant argues that he should have been permitted to present evidence that Frances Greco's injuries would have been reduced if she had been wearing a seat belt.

The case was tried under a pretrial order which required discovery to be complete by June 29, 1990. The trial began on July 24, 1990. The plaintiffs' attorney did not know of any seat belt defense in this case until July 12, 1990 when he received an expert report from the defendant.

■ Rule 8(c) of the Federal Rules of Civil Procedure requires that any affirmative defense be included in the answer. When the seat belt defense was permitted under Pennsylvania law it was an affirmative defense. *Stouffer v. Commonwealth of Pennsylvania*, 127 Pa.Commw. 610, 613, 562 A.2d 922, 923 (1989). If an affirmative defense is not included in the answer it is waived and in a diversity case a federal court looks to state law to determine whether a contention is an affirmative defense. *Troxler v. Owens–Illinois, Inc.*, 717 F.2d 530, 532 (11th Cir.1983); *Linger v. Pennsylvania Turnpike Commission*, 158 F.Supp. 900, 904 (W.D.Pa.1958). See also 5 C. Wright & A. Miller Federal Practice and Procedure §§ 1272 & 1278. Because the defendant did not plead the seat belt defense, it could not have been admitted at trial unless the answer was amended. There was no motion to amend the answer. Motions to amend the pleadings should be liberally granted, however, a motion would not have been granted on the eve of trial to add a defense the plaintiffs would have needed expert testimony to deal with.

■ At voir dire the attorney for the plaintiff asked the panel if any of them were employed in the insurance business. This was not a proper question and should not have been asked. This is one of the reasons the list of panel members that we provide counsel includes their occupation. However, this question by the plaintiff's attorney did not so prejudice the panel that a new trial is required. It can not be contended that none of the prospective jurors would ever have thought that the Dougherty Funeral Home was insured if this question was not asked. A cautionary instruction would have been sufficient to

deal with this problem and would have been given if requested.

■ The plaintiffs have filed a motion for delay damages. Under Rule 238 of the Pennsylvania Rules of Civil Procedure the plaintiffs are entitled to delay damages for the period between the filing of the complaint, February 2, 1989 and the rendering of the verdict, July 26, 1990 at the rate of 11½%, because the plaintiffs caused no delay in this case and defendant did not make a written offer to settle. *Jistarri v. Fentress*, 390 Pa.Super. 209, 213–14, 568 A.2d 618, 620–21 (1989).

The plaintiffs have filed a motion under Rule 11 for sanctions which will be denied. The defense attorney's actions in pressing his contention that this action is barred by res judicata were not so unwarranted by Pennsylvania law that Rule 11 sanctions should be imposed.

An appropriate order follows.

### ORDER

AND NOW, to wit, this 20th day of December, 1990 it is hereby ORDERED and DECREED that:

1. Defendant's Motion for Judgment N.O.V. or in the Alternative Motion for a New Trial is DENIED.

2. Plaintiffs' Motion for delay damages is GRANTED. Plaintiffs are to supply the court with calculations showing the correct amount of delay damages within seven days of this order.

3. Plaintiffs' Motion for Sanctions under Rule 11 is DENIED.