**Altman v. Lang**

C.P. of Lawrence County, no. 10429 of 2005, C.A.

*Susan M. Papa,* for plaintiffs.
*Charles W. Garbett,* for defendants.

HODGE, *J.,* July 7, 2006—This matter is before the court on motion for summary judgment filed by the defendants, Frederick Thomas Lang, Frederick J. Lang and Rondi L. Lang, through their attorney, Charles W. Garbett, Esquire, submitting that the plaintiffs are precluded from splitting their causes of action and may not re-litigate a claim for personal injury at the above case number and caption arising out of an incident to which said plaintiffs have already pursued to judgment for an action in property damages.

The plaintiffs, Harry D. Altman and Deborah Altman, have filed an answer to defendants' motion for summary judgment and brief in opposition to the same, submitting that (1) the plaintiffs' cause of action for personal injury damages was not yet ripe at the time the property damage action was initiated and (2) whether a plaintiff motorist suffers a "serious injury" in order to recover noneconomic damages under the limited tort election provision of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §1705(a), presents a question of fact for a jury to determine.

The dispositive case pertaining to the issue of ripeness for purposes of initiating both a cause of action for property damages and personal injury damage at the same

time was handed down by the Supreme Court of Pennsylvania in *Fitzpatrick v. Branoff,* 504 Pa. 169, 470 A.2d 521 (1983). In that case, the automobile accident occurred on December 24, 1977. *Id.* It was on that date that a cause of action for property damage arose. *Id.* Under the No-Fault Act, a cause of action did not accrue for personal injuries until several months later, when the threshold had been met. *Id.* Regardless of that fact, however, both causes of action were mature well before the initial action for property damages was instituted. *Id.* Thus, appellees were required to bring all their claims, and the failure to join both their property damages and personal injury actions bars the second action. *Spinelli v. Maxwell,* 430 Pa. 478, 243 A.2d 425 (1968). *Id.* This mandate is based on the doctrine of res judicata which provides that once a judgment is rendered, that judgment is conclusive between the parties with regard to all points of law directly related to the cause of action and affecting the matter before the court. *Bearoff v. Bearoff Brothers Inc.,* 458 Pa. 494, 498, 327 A.2d 72, 75 (1974); *Philadelphia Electric Co. v. Borough of Lansdale,* 283 Pa. Super. 378, 389, 424 A.2d 514, 519 (1981).

As the defendants correctly point out in their brief in support of motion for summary judgment, finality of judgment is the end sought, and adherence to the policy articulated in *Spinelli* will produce that result. This is also in accord with the purpose of the No-Fault Act, which is to reduce the quantity of litigation involving automobile accidents.

According to *Fitzpatrick,* however, there exists one caveat to this mandate. The requirement that an individual

bring all his ripe claims simultaneously does not preclude the institution of additional suits where the threshold for a personal injury action has not been reached at the time property damage claims are made. See *Bond v. Gallen,* 503 Pa. 286, 469 A.2d 556 (1983). If, at some later date, a personal injury claim arises, the cause of action will not be barred. This enumerated exception did not apply in *Fitzpatrick* because the facts clearly demonstrated that appellees were aware of both their personal injury and property damage claims when they instituted their first suit.

In the case sub judice, this enumerated exception does apply. The date of the accident occurred on June 4, 2003. Plaintiffs initiated a cause of action for property damage on August 7, 2003. Plaintiffs initiated a cause of action for personal injury damages on April 13, 2005. According to the foregoing analysis, the critical time period for the court's consideration is the time between the date of the accident, June 4, 2003, and the date of filing for plaintiffs' cause of action for property damage, August 7, 2003 *(the critical time period).* That is to say, the court must review whether the plaintiffs were aware of both their personal injury and property damage claims when they instituted their first suit, on the date of August 7, 2003.

The court concludes that the plaintiffs were *not* aware of both their personal injury and property damage claims when they instituted their first suit for property damage only. The court bases its conclusion on the Physician's Medical Report, attached to and included in the record.

See plaintiffs' affidavit, filed March 16, 2006. The report indicates that plaintiff Harry Altman's initial visit with Dr. Robert Svandrak occurred on the date of July 24, 2003, of which date falls within the critical time period. However, it was too premature at the time of the initial visit for the plaintiff to know whether he suffered a "serious injury" in order to recover noneconomic damages under the limited tort election provision of the MVFRL. At the initial visit on July 24, 2003, and prior to the cause of action for property damage, the plaintiff had no way of ascertaining the effect of the alleged injury on a body function. See 75 Pa.C.S. §1705. The threshold for a personal injury action was not reached at the time property damage claims were made. Therefore, the plaintiffs' cause of action for personal injury damages was not yet ripe at the time the property damage action was initiated.

Moreover, at this point in time, the court concludes that there is a material dispute as to whether the plaintiffs suffered a "serious injury" in order to recover noneconomic damages under the limited tort election provision of the MVFRL. See 75 Pa.C.S. §1705(a); *Robinson v. Upole,* 750 A.2d 339 (Pa. Super. 2000). The plaintiff must be given the opportunity to introduce evidence, through expert testimony or otherwise, of the effect of the alleged injury on a body function. See 75 Pa.C.S. §1705. This inquiry amounts to a question of fact for a jury to determine. See generally, *Robinson,* 750 A.2d 339.

For these reasons, the court hereby denies the defendants' motion for summary judgment.

## ORDER

And now, July 7, 2006, upon consideration of the motion for summary judgment filed by the defendants, and review of the arguments made by the parties in their briefs and the applicable case law, the court hereby denies the defendants' motion for summary judgment.

The prothonotary shall properly serve notice upon counsel of record and any party not represented by counsel.