**Custom Designs & Manufacturing Co. Inc. v. Atlantic States Insurance Co.**

C.P. of Lackawanna County, No. 2006-CV-2790

*Michael R. Mey*, for plaintiff.
*John D. Brinkman*, for defendant.

MINORA, *J.*, Aug. 27, 2014—Before the court are defendant Atlantic States Insurance Co. ("defendant" or "Atlantic States")'s preliminary objections to plaintiffs complaint. For the reasons discussed below, defendant's preliminary objections are overruled.

## FACTUAL AND PROCEDURAL SUMMARY

This action was initially commenced by Plaintiffs' filing of a Praecipe for Writ of Summons on June 6, 2006.

Plaintiff's factory was completely lost due to a fire in November 2002. At the time of the loss, plaintiff carried an insurance policy with defendant Atlantic States, a subsidiary of Donegal Insurance Companies ("Donegal"). The insurance policy maintained plaintiff as the only named insured. First Union National Bank, Wachovia Bank, N.A.'s predecessor, was named as a loss payee. At the time of plaintiffs' loss, Wachovia Bank, N.A. owned the factory property of plaintiff via the Alexander J. Tarapchak Trust Agreement.[1] In addition to 2006-CV-2790, plaintiff filed a separate lawsuit regarding this fire under docket number 2003-CV-3260, where Wachovia Bank, N.A. and Donegal were named defendants. Simultaneous with filing the complaint in 2003-CV-3260, plaintiff made a claim for the maximum of insurance coverage as well as a claim

---

1. *See Custom Designs & Manufacturing Co., Inc. v. Donegal Insurance Companies and Wachovia Bank, N.A.*, defendants, Carolee Tarapchak, Intervenor, memorandum and order, 2003-CV-3260 (Minora, J.) (Nov. 29, 2011).

for additional leasehold improvements, betterments, and fixtures within the damaged property. Wachovia Bank, N.A. also made a claim with Donegal for the loss of the building. *See* memorandum and order, 2003-CV-3260 at 1-2 (Nov. 29, 2011).

Plaintiff's Business Interruption Loss from the Fire

Defendant Atlantic States initially calculated plaintiff's business interruption loss from the fire at $1,294,098. Payment was made to plaintiff for this amount. Both parties appointed appraisers to recalculate plaintiff's business interruption loss. On November 22, 2010, a neutral umpire determined that plaintiff was entitled to an award of $2,190,278.00. This award differed from defendant Atlantic State's experts' initial calculation of business interruption loss by $896,180.00.

Under docket number 2006-CV-2790, plaintiff thereafter filed a petition for award of prejudgment interest on the appraisal award rendered November 22, 2010. By letter dated November 29, 2010, plaintiff demanded that Atlantic States pay prejudgment interest on the $896,180.00 due and owing. Defendant refused to pay prejudgment interest on the amount. However, defendant did pay the $896,180.00 difference to the plaintiff on or about December 13, 2010. On October 21, 2011, this honorable court entered a memorandum and order denying and dismissing plaintiff's petition for award af pre-judgment interest.

On December 23, 2013, plaintiff filed a complaint in 2006-CV-2760 sounding in bad faith and breach of contract. For the bad faith claim, plaintiff alleges that (1)

in adjusting, evaluating and apportioning the payments to plaintiff, defendant Atlantic States failed to investigate plaintiffs claims, promptly acknowledge them or offer payment; (2) that defendant failed to make a payment of interest to plaintiff; (3) that defendant acted frivolously in breach of the fiduciary duties to plaintiff; and (4) that defendant caused plaintiffs business severe and permanent financial harm. *See* plaintiff's complaint, 2006-CV-2790 at paragraphs 9-11 (Dec. 23, 2013). For breach of contract, plaintiff alleges that defendants deliberately, intentionally, and purposefully refused to pay the coverage under the policy sold to plaintiffs, even though plaintiffs supplied defendants with all of the information necessary to evaluate those claims. *See* plaintiff's complaint, 2006-CV-2790 at 16.

On January 7, 2014, Atlantic States filed preliminary objections pursuant to Pa.R.C.P. 1028(a)(2) in the nature of a motion to strike, asserting that plaintiff's complaint filed December 23, 2013, was an *amended* complaint filed in violation of Pa.R.C.P. 1033 (emphasis added). Defendant also filed a memorandum in support of the preliminary objections. Defendant claims that plaintiff violated Pa.R.C.P. 1033 by filing this amended complaint without seeking consent of defendant or leave of court. *See* defendant's preliminary objections to plaintiff's complaint at paragraph 2 (Jan. 7, 2014). However, defendant does not specify when plaintiff's original complaint was allegedly filed. Moreover, defendant seems to suggest that plaintiffs December 2013 complaint is an amended complaint stemming from other proceedings regarding the fire. Defendant asserts in its preliminary objections that there have been three proceedings in the matter and that

the amended complaint seeks new claims for coverage and bad faith. *See* defendant's preliminary objections at paragraphs 2, 9.

Plaintiff's answer to the preliminary objections and brief in opposition thereto were filed April 2, 2014. Plaintiff argues in response to defendant's preliminary objections that the complaint filed December 23, 2013 is not an amended complaint. The matter is now ripe for disposition.

## LEGAL STANDARD

Preliminary objections may be filed by any party to any pleading of record, including both complaints and other preliminary objections. Pa.R.C.P. 1017; Pa.R.C.P. 1028; *Daniel v. City of Philadelphia*, 2013 WL 4502724 (Ct. Com. Pl. Aug. 2, 2013) (citing Pa.R.C.P. 1017, Pa.R.C.P. 1028). Preliminary objections may be filed for failure of a pleading to conform to law or rule of court. Pa.R.C.P. 1028(a)(2).

Pa.R.C.P. 1033: Amended Pleadings

Leave to file an amended pleading must be done by either consent of the adverse party or by obtaining leave of court. Pa.R.C.P. 1033. In Pennsylvania, the trial court is vested with broad discretion to determine whether or not to allow an amendment to the pleadings. *Robinson v. Madden Law Firm, P.C.*, 2010 WL 8354851 (Trial Order) (Ct. Com. Pl. (Dec. 1, 2010) (internal citations omitted).

Pa.R.C.P. 1017: Pleadings Allowed

According to Pa.R.C.P. 1017, except as provided by Rule 1041.1, the pleadings in an action are limited to:

(1) a complaint and an answer thereto,

(2) a reply if the answer contains new matter, a counterclaim or a cross-claim,

(3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter,

(4) a preliminary objection and a response thereto.

*See CDI-Infrastructure, LLC v. Navtech, Inc.*, 2013 WL 1845859 (Trial Order) (Ct. Com. Pl.) (Apr. 17, 2013); *Daniel v. City of Philadelphia*, 2013 WL 4502724 (trial order) (Ct. Com. Pl., Aug. 2, 2013). In its definition of pleading, Pa.R.C.P. 1017 does not include a petition, an answer to a *petition*, or a motion (emphasis added). *See CDI-Infrastructure, LLC*, 2013 WL 1845859, supra. Nor does the definition of pleading include a writ of summons. *See* Pa.R.C.P. 1017.

## LEGAL ANALYSIS

Whether Defendant May File Preliminary Objections to the December 2013 Complaint

Since plaintiff filed a complaint on December 23, 2013, defendant may file preliminary objections to this pleading. *See* Pa.R.C.P. 1028(a)(2); Pa.R.C.P. 1017; *Daniel*, 2013 WL 4502724, *supra*. In response to defendant's inquiry that the December 23, 2013 complaint was an amended pleading, we hold that this filing was not an amended pleading, but rather, plaintiffs original complaint.

Plaintiff's Complaint filed December 2013 is the Original Complaint in 2006-CV-2760.

Plaintiff did not file a complaint in 2006-CV-2790 prior

to the filing the December 23, 2013 complaint. Plaintiff initiated this action by filing writ of summons. Plaintiff also filed a petition for pre-judgment interest at that time.

A writ of summons is not a complaint. *See e.g. Crane v. Karagiannis*, 2004 WL 5281021 (Pa. Com. Pl. Feb, 23, 2004); *Salomoni v. Philllips*, 2003 WL 23314556 (Pa. Com. Pl. June 09, 2003). Nor is a petition for pre-judgment interest a complaint. As noted above, a writ of summons and a petition for pre-judgment interest are not pleadings. *See* Pa.R.C.P. 1017. Therefore, since neither the writ of summons nor the petition for pre-judgment interest are complaints, or pleadings, the original complaint filed by plaintiff, in 2006-CV-2760, plaintiff's December 23, 2013 Complaint, was not an amended pleading filed in violation of Pa.R.C.P. 1033. Defendant improperly refers to the December 23, 2013 filing as an amended complaint. defendant's preliminary objection pursuant to Pa.R.C.P. 1033 is overruled.

Plaintiff's Complaint from December 2013 is Not an Amended Complaint Extending From Any Other Litigation in this Matter

As we noted above, defendant, in their preliminary objections, also seems to suggest that the December 2013 complaint in 2006-CV-2790 may be an amended pleading improperly extending from one of the other lawsuits filed regarding the fire at plaintiff's factory. This argument is without merit. The December 2013 complaint in 2006-CV-2790 is not an amended complaint from the other actions regarding the fire. A complaint is the initial pleading on the part of a plaintiff in a civil action. *See* "complaint," Black's Law Dictionary, 3rd Edition at 123

(2006). Therefore a complaint filed in 2006-CV-2790 cannot be considered an amended complaint from another case related to the fire. Moreover, plaintiff's complaint filed in 2006-CV-2790 does not involve a prior lawsuit. *See Kindig v. Smith*, 38 Pa. D. & C.3d 137, 1984 WL 2592 (Pa. Com. Pl. August 14, 1984).

In 2003-CV-3260, another case filed in Lackawanna County regarding the fire, plaintiff initiated a law suit against Donegal and Wachovia Bank, N.A., requesting the balance of the insurance proceeds to be released. *See* 2003-CV-3260 memorandum and order (Nov. 29, 2011). In another case related to the fire before the Orphan's Court in Lackawanna County, the beneficiaries of Plaintiff's trust raised the issue of the adequacy of insurance coverage on the building which housed Custom Designs and Manufacturing, Inc.[2] We noted in November 2011 that the Orphan's Court case did not involve the same causes of action in 2003-CV-3260.[3]

---

2. The parties to the Orphan Court's case included Wachovia as Trustee of Settlor Alexander Tarapchak II, the decedent's spouse and primary beneficiary, Carolee Tarapchak (the intervenor in 2003-CV-3260) and the decedent's three children as remaindermen. *See* Memorandum and order, 2003-CV-3260 at 8 (Minora, J.) (Nov. 29, 2011).

3. In 2003-CV-3260, Wachovia filed preliminary objections in 2003-CV-3260 arguing that this court did not have jurisdiction in the matter because of a parallel action pending in Monroe County. *See* 2003-CV-3260, *memorandum and order at 3* (Nov. 29, 2011). This court denied the preliminary objections and also denied and dismissed Wachovia's second motion for summary judgment, which was based on Wachovia's claim that the disputed issues of material fact in 2003-CV-3260 had been decided in another proceeding. We held that Wachovia failed to show res judicata or collateral estoppel, because although whether Plaintiff was required to maintain insurance was decided in a portion of the other proceedings before Judge Harhut, resolution of that issue was not essential to any causes of action before Judge Harhut. Therefore there existed neither identity of the thing sued upon nor identity of the cause of action in 2003-CV-3260. *See* memorandum and order 2003-CV-3260 (Minora, J.) (Nov. 29, 2011).

Nor does plaintiff's complaint in 2006-CV-2790 involve the same causes of action as the issues in 2003-CV-3260 and the Orphan's Court case. The complaint in 2006-CV-2790 does not ask whether plaintiff was required to maintain insurance coverage on the business property like in 2003-CV-3260. Nor does it seek to know the adequacy of the insurance coverage, like in the Orphan's Court case. *See* this opinion, at notes 2-3. Instead, the complaint in 2006-CV-2790 involves whether Atlantic States, a different defendant, breached its fiduciary duties to plaintiff when investigating and paying plaintiff's claims. *See* this opinion at p.3. Plaintiff's complaint in 2006-CV-2790 does not seek to amend a complaint from a prior lawsuit. *See Kindig*, 38 Pa. D. & C.3d 137, *supra.*

Plaintiff Has Not Filed an Amended Complaint In Violation of Pa.R.C.P. 1033

Plaintiff's complaint, filed December 23, 2013 is the original complaint filed under 2006-CV-2790. Plaintiffs have not violated Pa.R.C.P. 1033 by filing an amended complaint without seeking permission or leave of court. Defendant's preliminary objections are overruled. An appropriate order follows.

## ORDER

And now, this 27th day of August 2014, upon consideration of defendant's preliminary objections to plaintiff's complaint and brief in support thereof, and plaintiff's answer and brief in opposition to the preliminary objections, the defendant's preliminary objections to plaintiff's complaint are overruled.